IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABM ELECTRICAL POWER SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SHERWOOD GROVES AUTO GROUP, LLC, <br><br> Defendant. | Civil Action No. 4:25-CV-800 |

**PLAINTIFF ABM ELECTRICAL POWER SERVICES LLC'S
COMPLAINT FOR DAMAGES**

Plaintiff ABM ELECTRICAL POWER SERVICES, LLC ("ABM") brings this action against Defendant SHERWOOD GROVES AUTO GROUP, LLC ("Sherwood") and states and alleges as follows:

**THE PARTIES**

1. The citizenship of limited liability companies is determined by the citizenship of their members.

2. Plaintiff ABM is a Delaware limited liability company. The sole member of ABM is ABM Building & Energy Services, LLC. The sole member of ABM Building & Energy Services, LLC is ABM Industries Incorporated. ABM Industries Incorporated is a Delaware corporation, with a principal place of business in New York, New York.

3. Defendant Sherwood is a Pennsylvania Limited Liability Company located at 454 Golden Mile Road, Towanda, PA 18848. A search of publicly available information has not revealed the existence of any Sherwood members who are citizens of Delaware or New York.

Based upon this research, ABM alleges—in good faith—that no Sherwood members are citizens of Delaware or New York.[1]

## JURISDICTION AND VENUE

4. ABM hereby adopts by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 3 of this Complaint.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the citizenship of the parties is diverse and the amounts in controversy exceed $75,000, exclusive of costs and interest.

6. This action properly lies in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Sherwood resides in this District, does or did business in this District, and failed to remit payment for ABM's services within this District.

7. Venue is likewise proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to ABM's claims occurred in this District.

## STATEMENT OF FACTS AND ALLEGATIONS

8. ABM hereby adopts by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 7 of this Complaint.

9. On or about December 16, 2022, Sherwood contracted with ABM to obtain services related to electric charging stations by entering into a Charging Station Readiness Proposal and Terms and Conditions (collectively "the Agreement"). A true and correct copy of the Agreement is attached as Exhibit A, and is incorporated into this Complaint by reference.

---

[1] ABM reserves the right to amend this paragraph upon securing jurisdictional discovery, from Sherwood (a privately-held LLC), or any other entity.

10. Under the Agreement, ABM and Sherwood agreed that Sherwood would pay ABM for the electrical charging products and services described in the Agreement.

11. ABM provided the electrical charging products and services described in the Agreement.

12. Sherwood accepted ABM's products and services.

13. ABM submitted invoices and other proof of the products and services pursuant to the Agreement. A true and correct copy of outstanding invoices issued to Sherwood is attached as Exhibit B. The outstanding invoices are incorporated into this Complaint by reference.

14. The Agreement provides that full payment is due within thirty days after Sherwood receives an invoice.

15. Sherwood received a benefit in the form of the provision of electric charging equipment and services by ABM but failed to pay ABM as required under the Agreement. As of April 17, 2025, Sherwood has failed to pay for $212,790.81 of products and services provided from December 16, 2022 to April 17, 2025.[2]

16. ABM has fully performed its contractual obligations to Sherwood.

17. ABM made numerous demands upon Sherwood regarding payment of the outstanding balance, but Sherwood has failed and refused to pay ABM for all sums owed under the Agreement.

18. As a result of Sherwood's failure to pay, Sherwood owes ABM actual damages, plus attorneys' fees, service fees, costs, expenses, and interest, as specified in the Agreement and as available under applicable law.

---

[2] Of this balance, $204,101.31 has been invoiced and is past due, and $8,689.50 has been invoiced and will become due on May 30, 2025. ABM will dismiss its Complaint if Sherwood satisfies the balance.

19. After accounting for payments, credits, and all lawful setoffs, Sherwood owes ABM a principal balance of $212,790.81.

20. Sherwood also owes service charges, which have continued to accrue at a rate of one and one half percent per month pursuant to Paragraph 1 of the Agreement. (Ex. A, p. 4 at ¶ 1.)

## COUNT I

### Breach of Contract Against Sherwood

21. ABM hereby adopts by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 20 of this Complaint.

22. On or about December 16, 2022, Sherwood contracted with ABM for ABM to provide electric charging products and services under the Agreement.

23. The Agreement is valid, binding, and enforceable.

24. Sherwood agreed to pay ABM for the products and services it received.

25. Sherwood accepted ABM's products and services.

26. ABM submitted invoices and other proof of the products and services provided to Sherwood in order to secure payment for the products and services provided.

27. ABM fully performed its duties and obligations under the Agreement by providing the requested products and services.

28. All other conditions precedent to ABM's claim for relief have been performed, have occurred, or have been waived.

29. Despite multiple demands, Sherwood has failed to pay ABM in full for the products and services provided, and as a result, Sherwood has breached the agreement.

30. By failing to pay, Sherwood breached the Agreement and the implied covenant of good faith and fair dealing.

31. Sherwood agreed to pay ABM all reasonable costs and expenses, including reasonable attorney's fees, incurred by ABM in connection with attempting to collect the outstanding invoices. (*Id.* at ¶ 5.)

32. Because of the non-payment by Sherwood, to date, ABM has suffered actual damages in the principal amount of $212,790.81, plus interest, service fees, attorneys' fees, costs, and expenses, which may continue to accrue until payment is received in full, as specified in the Agreement and as available under Pennsylvania law.

## COUNT II

### Unjust Enrichment Against Sherwood

33. ABM hereby adopts by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 32 of this Complaint.

34. In the alternative to the claim for breach of contract, Sherwood is liable to ABM for unjust enrichment.

35. At all relevant times herein, ABM conferred a benefit on Sherwood in the form of valuable products and services – in particular, the provision of electric charging equipment to Sherwood.

36. Sherwood was aware of and voluntarily accepted, retained, and appreciated the benefit of the products and services that ABM provided.

37. ABM enriched Sherwood by providing these services.

38. Sherwood understood that ABM expected payment for the products and services provided.

39. Sherwood's retention of benefits conferred under these circumstances violates fundamental principles of justice, equity, and good conscience; these circumstances render

Sherwood's acceptance of the benefit inequitable unless Sherwood pays ABM for the value of the benefits it received.

40. The value of the unreimbursed services that ABM rendered to Sherwood to date is $212,790.81, plus service fees and interest, as available under Pennsylvania law.

41. Sherwood has not paid the amount owed and, therefore, continues to owe ABM for unreimbursed services.

### COUNT III

#### Account Stated Against Sherwood

42. ABM restates and realleges the allegations in paragraphs 1 through 41 above, as though fully set forth herein.

43. ABM and Sherwood engaged in transactions wherein Sherwood provided products and services to Sherwood from approximately December 16, 2022 through January 31, 2024, fixing the amount due to ABM in respect of such transactions, and Sherwood promised to pay ABM upon receipt of its invoices.

44. ABM sent invoices to Sherwood for ABM's products and services provided up to April 17, 2025 in the principal amount of $212,790.81. *See* Ex. B.

45. Sherwood received the invoices from ABM and failed to object to the invoices or their correctness within a reasonable amount of time.

46. Sherwood failed to pay as promised the amounts invoiced by ABM, which remain due and owing to ABM.

47. Sherwood is indebted to ABM in the outstanding principal amount of $212,790.81, exclusive of service fees, interest, attorneys' fees, and costs.

48. ABM has made numerous demands upon Sherwood for payment of the outstanding amount due and owing by Sherwood to ABM.

WHEREFORE, Plaintiff ABM respectfully requests that this Court enter judgment in its favor and against Defendant Sherwood, awarding damages in an amount no less than $212,790.81, plus service fees, interest, attorneys' fees, and costs, and providing such further legal and equitable relief as this Court deems appropriate.

## PRAYER FOR RELIEF

ABM, Inc. prays for judgment against Sherwood as follows:

1. For compensatory damages or restitution in the amount of $212,790.81;

2. For all direct, indirect, and consequential damages;

3. For attorneys' fees on all applicable causes of action;

4. For interest at the legal rate on all applicable causes of action;

5. For expenses and costs of suit; and

6. For such other relief as the Court deems just and proper.

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

Dated: May 6, 2025

By: */s/ Frantz J. Duncan*
Frantz J. Duncan, Esq. (PA Atty ID #322966)
Two Commerce Square
2001 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: 215-278-2555
fduncan@shb.com

*Attorneys for Plaintiff ABM Electrical Power Services, LLC*